## JOHN BROOKERSON v. THE STATE.

No. 3596. Decided February 28, 1906.

**Killing Dog With Intent to Injure Owner—Statutes Construed.**

Where T was hunting in the neighborhood of B's pasture for deer or birds, and had his dog with him, and the dog in the pursuit of game .went into B's pasture, and B's stock took fright at the dog and ran, and no effort was made on the part of B to prevent the dog from running after his stock, and B in the first instance killed the dog without any apparent necessity to prevent the dog from injuring his stock, B, the defendant, could not justify his act, and was guilty under article 786, Penal Code.

Appeal from the County Court of Taylor. Tried below before the Hon. D. H. Hill.

Appeal from a conviction of unlawfully, wilfully and maliciously killing a dog, with intent to injure the owner; penalty, a fine of $10.

The opinion states the case.

*Wagstaff & Davidson,* for appellant.—On question of intent to injure: Lane v. State, 16 Texas Crim. App., 172; Owens v. State, 25 id., 552; Woodward v. State, 33 Texas Crim. Rep., 554.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted under article 786, Penal Code, for killing a dog with intent to injure the owner. The case was tried before the judge without a jury, and the only question presented for our consideration is the sufficiency of the evidence to sustain the conviction. The facts summarized show that Tune, the owner of the dog, and several other parties were out deer hunting with their dogs in the neighborhood of appellant's pasture, which consisted of some 1500 acres. Appellant kept cattle and horses in his pasture, which had been posted with notices forbidding persons to hunt; but the notices had been torn down, except perhaps one. The State's testimony shows that the dogs, particularly the dog that was killed, were trailing a deer, and had passed into the pasture of appellant, following the trail. The parties met appellant in the road outside his pasture a short time before the alleged offense was committed. In a few minutes after passing appellant they heard a shot, and a dog "holler." They at once went into the pasture and saw the dog had been shot and killed. At the same time appellant was seen some half-mile distant, loping over the hill. Appellant's testimony (by his own evidence) showed that he kept cattle and horses in the pasture, and had been annoyed by dogs running in the pasture previously; and that he had not given the parties his consent to hunt in said pasture. He testified that, after meeting said parties and going into his pasture, he heard the dog in question barking and trailing inside of his pasture, and saw his cattle running off, and

he shot the dog. Taking this testimony pro and con, was it sufficient to have authorized the finding? It has been held that the intent to injure the owner may be presumed from the act itself, as that it was shown to have been wilfully done. Lane v. State, 16 Texas Crim. App., 172. On the other hand, the decisions indicate that it is legitimate to rebut the evidence of wilfulness or intent to injure with circumtsances that justify the act, as that stock invading one's pasture were breachy and his crops were being devastated by them, and after the animal was killed, in one instance a hog, payment for the same was made, would tend to show a lack of wantonness or wilfulness. Lott v. State, 9 Texas Crim. App., 206; Reedy v. State, 22 Texas Crim. App., 271. Now, we take it, that the owner of a pasture with stock running therein, might be justified in killing a dog, although the dog might be in the pasture without the intention of its owner, if the dog was endangering the life, or threatening serious injury to some animal in the herd and there was no reasonable way left to the owner of the animal to protect same, except to kill the dog. We take it, that if A is hunting in the neighborhood of B's pasture, for deer or birds and has his dog with him, and the dog in the pursuit of game should go into B's pasture, and B's stock should take fright at the dog and run, and no effort is made on the part of B to prevent the dog from running after his stock, and he should in the first instance kill the dog without any apparent necessity to prevent the dog from injuring his stock, that he could not justify his act. The dog is property, and the owner is entitled to some consideration. Besides, the dog has rights, which it seems to us should not be jeopardized on slight provocation. At least some effort should be made before his life is sacrificed, to prevent him from inflicting injury on the owner of the stock. It occurs to us that the evidence here furnishes such a case; and that the court was authorized to find defendant guilty. Accordingly the judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, did not sit in this case.